UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| BRANDON SAVAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15-CV-044 JD |
| | ) |
| ANDREW D. VANHORN, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Plaintiff Brandon Savage filed a *pro se* complaint asserting a civil rights claim against Andrew D. VanHorn. [DE 1]. Plaintiff filed his complaint in the Southern District of Indiana, which transferred the action to this Court because the underlying events took place in Lafayette, which is located in the Northern District of Indiana. Plaintiff also filed a petition for leave to proceed *in forma pauperis*. [DE 2]. While the Plaintiff meets the financial requirements to proceed without prepaying the filing fee, the Court also has an obligation under 28 U.S.C. § 1915(e)(2) to dismiss a complaint if the Court determines that it "fails to state a claim on which relief may be granted." Under federal pleading standards:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and internal citations omitted). When a complaint is confusing or lacking in necessary detail, the district court is "within its rights" to dismiss the complaint with leave to replead. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006).

Mr. Savage appears to bring this action based on an assault he suffered by the Defendant, who was a fellow patient in a psychiatric hospital. Mr. Savage filled out his complaint in a form for civil rights claims, but to state a claim for a civil rights violation under 42 U.S.C. § 1983, the defendant must have acted under color of state law. Mr. Savage's complaint does not suggest that the Defendant, Andrew D. VanHorn, was acting under state law, though; it appears that Mr. VanHorn merely happened to be a patient in the same hospital as Mr. Savage, not a police officer or some other individual acting under color of law. Accordingly, Mr. Savage's complaint fails to state a claim over which this Court has jurisdiction.

That is not to say that Mr. Savage has no legal recourse against Mr. VanHorn. If Mr. VanHorn assaulted him, Mr. Savage may have a cause of action against Mr. VanHorn under state law. But unless Mr. Savage and Mr. VanHorn are citizens of different states and Mr. Savage is seeking over $75,000 in damages, or unless Mr. Savage presents some other basis for federal jurisdiction, this Court would not have jurisdiction over this claim, and Mr. Savage would need to pursue it in state court. Nonetheless, the Court will give Mr. Savage an opportunity to amend his complaint should he wish to attempt to cure these deficiencies.

The Court also notes that Mr. Savage has filed a form entitled "Motion for Witness." However, the form itself is blank, so it is not clear what relief Mr. Savage is seeking in this filing. The Court therefore denies this motion. [DE 3].

For these reasons, the court:

(1)     STRIKES the complaint [DE 1];

(2)     TAKES the *in forma pauperis* petition [DE 2] under advisement;

(3)     GRANTS the Plaintiff to and including June 17, 2015, to file an amended complaint;

(4) CAUTIONS the Plaintiff that if he does not respond by the deadline, this case will be dismissed without further notice; and

(5) DENIES Plaintiff's Motion for Witness [DE 3].

SO ORDERED.

ENTERED: May 18, 2015

                                                 /s/ JON E. DEGUILIO
                                            Judge
                                            United States District Court